IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAL BURNS, | No. C 07-00122 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DECLARATORY RELIEF CLAIM** |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Plaintiff Dal Burns has filed a motion for summary judgment on his declaratory relief claim. Hearing on the motion is currently scheduled for June 22, 2007. Having considered the briefs of the parties, the Court determines that this motion is suitable for resolution without oral argument, and pursuant to Civil Local Rule 7-1(b), hereby VACATES the June 22, 2007 hearing. For the following reasons, and for good cause shown, the Court DENIES plaintiff's motion.

**BACKGROUND**

Plaintiff is insured under a disability insurance policy issued by defendant Unum Life Insurance Company of America ("Unum") to the City and County of San Francisco. On February 24, 2006, Unum denied plaintiff's claim for long-term disability benefits. On January 8, 2007, plaintiff filed the instant lawsuit.

After plaintiff filed his lawsuit, a dispute arose among the parties as to whether Unum could contact plaintiff's medical providers for information related to the ongoing administration of plaintiff's claim for benefits. Plaintiff took the position that all communication between Unum and plaintiff's

medical providers must pass through plaintiff's counsel. Unum initially took the position that it could and would directly contact the providers if necessary for the ongoing administration of plaintiff's claims. After extensive conferral, on January 31, 2007, Unum tentatively agreed to plaintiff's demands, stating: "Unum likely will ask the Court in this matter to address this issue. However, until the Court addresses this issue, Unum will only deal with your office concerning Mr. Burns' claim." Nalty Dec., Ex. 10.

The following day, plaintiff filed a First Amended Complaint ("FAC"), which added a claim for declaratory relief. That claim states, in pertinent part:

> [Plaintiff] further seeks a declaration that there is no requirement in the Policy, the Certificate of Insurance or elsewhere that forecloses him from obtaining full representation in connection with Unum's purported "ongoing handling" of his claim, and that this representation may include a requirement that Unum's representatives and medical consultants not engage in *ex parte* communications with [plaintiff's] medical providers . . . .

FAC ¶ 86. Plaintiff's instant motion seeks summary judgment on this claim for declaratory relief.

## LEGAL STANDARD

The Declaratory Judgment Act, 28 U.S.C. § 2201, gives federal courts the authority to grant declaratory relief. In *Wilton v. Seven Falls Co.*, 515 U.S. 280, 286-87 (1995), the Supreme Court emphasized that the Act gives district courts broad discretion in determining whether to allow suits for declaratory relief to proceed. *Id.*

A party seeking declaratory relief must satisfy the "case or controversy" requirement of 28 U.S.C. § 2201(a). Declaratory relief is appropriate if "the facts alleged, under all the circumstances, show that there is substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512 (1941)).

The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *See PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing

of the complaint, no justiciable controversy is presented." *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). A claim also may be considered moot if interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *See Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

Under general principles derived from the "case or controversy" requirement of Article III, Section 2, of the United States Constitution, a federal court may not issue advisory opinions. *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" *Id.* (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)).

**DISCUSSION**

Unum argues that plaintiff's claim for declaratory relief and the instant motion do not present justiciable controversies. The Court agrees. As discussed above, the day before plaintiff filed the FAC, Unum agreed that it would only contact plaintiff's medical providers through plaintiff's counsel. Plaintiff's claim for declaratory relief seeks the exact same result. Plaintiff's claim was therefore moot even before he filed it.

Citing *Fremont Indemnity Co. v. California National Physician's Insurance Co.*, 954 F. Supp. 1399, 1401 (C.D. Cal. 1997), plaintiff argues that a "dispute over construction of insurance policy terms is an actual case or controversy." Mot. at 13:19-20. The Court agrees that a dispute over construction of insurance policy terms may give rise to an actual case or controversy. In *Fremont Indemnity*, for example, the parties disputed whether the medical malpractice insurance policy at issue required the insurer to defend the insured and pay any judgment or settlement against him. *See Fremont Indemnity*, 954 F. Supp. at 1401. The parties did not, however, ask the court to decide their dispute in the abstract. Instead, the dispute over the terms gave rise to a live controversy when the insured doctor was sued, and the insurer refused to represent the doctor or pay the potential judgment against him. *See id.* Here, in

3

contrast, the parties may disagree as to whether the policy allows Unum to directly contact plaintiff's medical providers; however, because Unum has agreed not to do so, there is no current controversy. Plaintiff thus asks the Court for an impermissible advisory opinion.

Plaintiff also relies heavily on the principle that "[v]oluntary cessation of challenged conduct moots a case . . . only if it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 221 (2000) (quoting case). Plaintiff has provided no explanation, however, for why it would have been reasonable to expect Unum to attempt to directly contact plaintiff's providers after Unum agreed that "Unum will only deal with your office concerning Mr. Burns' claim." Nalty Decl., Ex. 10. The only condition Unum placed on its agreement was that it might seek permission from this Court to directly contact the providers. *See id.* Plaintiff provides no evidence that, since this agreement, Unum has attempted to directly contact the providers. Moreover, it appears that Unum never attempted to do so during the relevant period. Unum indicated to plaintiff that it might need to contact plaintiff's providers, and plaintiff objected. The parties then commenced a meet and confer process, the end result of which was Unum's agreement to "only deal" through plaintiff's counsel. Thus, since the day before plaintiff filed his declaratory relief claims, at the latest, there has been no reasonable, imminent threat that Unum would directly contact plaintiff's medical providers.

///

4

**CONCLUSION**

Plaintiff has not met his burden on summary judgment of establishing that "the facts alleged, under all the circumstances, show that there is substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000) (citing case).  Plaintiff's claim for declaratory relief is moot and unripe.  The Court therefore DENIES plaintiff's motion for summary judgment on his declaratory relief claim.  [Docket No. 25].  Defendant's objections to plaintiff's evidence, and defendant's motion to strike the supplemental Comitz declaration, are DENIED as moot; even fully crediting plaintiff's evidence, plaintiff's motion fails.  [Docket Nos. 32, 43].

**IT IS SO ORDERED.**

Dated: June 19, 2007

SUSAN ILLSTON
United States District Judge

5